```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


U.S. BANK NATIONAL ASSOCIATION, :      CIVIL ACTION
AS TRUSTEE SUCCESSOR-IN-INTEREST:
TO BANK OF AMERICA, N.A., AS    :
TRUSTEE, SUCCESSOR TO WELLS     :
FARGO BANK, N.A., AS TRUSTEE    :
FOR THE REGISTERED HOLDERS OF   :
WACHOVIA BANK COMMERCIAL        :
MORTGAGE PASS-THROUGH           :
CERTIFICATES, SERIES 2006-C23   :
                                :
          v.                    :
                                :
SPRING GARDEN EAST, LP          :      NO. 12-3580
```

JUDGMENT

AND NOW, this 27th day of March, 2013, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  judgment is entered in favor of plaintiff U.S. Bank National Association, as Trustee Successor-in-Interest to Bank of America, N.A., as Trustee, Successor to Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Pass-Through Certificates, Series 2006-C23 and against defendant Spring Garden East, LP in the amount of $11,942,757.89, plus interest at the contractual default rate after December 1, 2012 and other recoverable and accruing fees, charges and costs until the date of the Marshal's sale or other sale of the property;

   (2) the promissory note and the mortgage between plaintiff and defendant are foreclosed as to the real property described therein, that is, the real property located at 990 Spring Garden Street, Philadelphia, Pennsylvania;

   (3) the mortgaged real property shall be sold according to the following:

    (a) the United States Marshal for the Eastern District of Pennsylvania is directed to sell the real property specified in the mortgage between plaintiff and defendant for cash to the highest bidder at a public, judicial sale pursuant to 28 U.S.C. § 2002, with notice of such sale to be published once per week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the country and judicial district where the real estate is situated.  Plaintiff may advertise a short description of the property rather than a complete legal description

    (b) ten percent of the highest bid must be deposited in certified check or ashier's check with the United States Marshal by the bidder immediately upon the property being struck down to the bidder.  The balance of the purchase money must be paid in certified or ashier's check by the highest bidder to the Marshal within 10 days after the sale is confirmed by the Court, without demand for the same being made by the Marshal.  It is the highest bidder's responsibility to ascertain the date of confirmation.  If the highest bidder fails to settle, all of his rights in the real estate shall

cease and be completely void and the property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder, whose deposit shall be forfeited; and in case of a deficiency on such resale, he shall make good the same to the person thereby injured. The highest bidder shall take the real estate subject to and is to pay all current state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps.  If plaintiff is not the successful bidder, plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder;

    (c)  plaintiff or its nominee is granted right of entry at reasonable times to the subject premises for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the subject premises; and

    (d)  motion for confirmation of the public sale shall be made by plaintiff to the court within 30 days after the date of sale;

    (4)  upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the

sale pending distribution pursuant of further Order of this court;

     (5)  plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale;

     (6)  a true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk; and

     (7)  jurisdiction is retained over this matter for the granting of such Orders and decrees as the circumstances may require.

                                BY THE COURT:


                                /s/ Harvey Bartle III
                                                          J.